# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| MITCHELL MARBURY, ) <br> AIS# 138014 ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARDEN DEWAYNE ESTES, et al., ) <br> ) <br>     Defendants. ) | Case No. 4:16-cv-01152-AKK-JHE |

## ORDER FOR SPECIAL REPORT

The plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at St. Clair Correctional Facility, in Springville, Alabama. (Doc. 1). In accordance with the practices of this court, the complaint is before the undersigned magistrate judge for scheduling, management, and review. *McCarthy v. Bronson*, 500 U.S. 136 (1991); 28 U.S.C. § 636(b); Local Rule 72.1.

### I. Service of Process

The Clerk of Court has mailed a copy of this Order and a copy of the plaintiff's complaint to each person and/or entity identified below as a defendant in this action. Taken together, this Order and a copy of the complaint adequately notify each defendant that he or she has been sued by the plaintiff in this action and is required to respond to the allegations of the complaint.

Federal Rule of Civil Procedure 4(d) provides a mechanism by which service of process upon the defendants can be accomplished through the use of first-class mail and imposes a duty upon each defendant "to avoid unnecessary costs of serving the summons." Once a defendant receives a copy of the complaint and is requested to waive service of process by executing a

form consistent with the form attached to this Order, the unreasonable failure of that defendant to expressly waive service of process may result in the imposition of the costs of personal service on that defendant. Each defendant is therefore requested to waive service of process by executing the attached waiver of service. FAILURE TO SIGN AND RETURN THE WAIVER OF SERVICE TO THE COURT WITHIN **FORTY (40) DAYS** AFTER THE DATE OF THIS ORDER MAY RESULT IN THE COURT ORDERING SERVICE OF PROCESS UPON THE DEFENDANT PERSONALLY AND TAXING THE COSTS OF SUCH SERVICE TO THE DEFENDANT. Costs of service may include not only the actual cost of service, but also attorney's fees as may be warranted. FED. R. CIV. P. 4(d)(2).

## II. Special Report

The undersigned's review of the complaint has identified the following defendants and claims being asserted:

**A. Defendants**

**Warden Dewayne Estes**
**C.O.I. Beverly Warren**

Both of whom are located at **St. Clair Correctional Facility, 1000 St. Clair Road, Springville, Alabama, 35146.**

**B. Claims**

The complaint attempts to state the following claims for relief:

> On February 12, 2016, the plaintiff requested in writing that defendant Warden Estes move the plaintiff to a different location within St. Clair Correctional Facility. (Doc. 1 at 6). The plaintiff stated in his request that, because he had no gang affiliation, his health and safety were in danger where he was housed. (*Id.*, at 6-7). Defendant Beverly Warren, the administrator over bed assignments, informed the plaintiff that he would not be moved and needed to stop asking. (*Id.*, at 7). On March 2, 2016, the plaintiff was falsely accused of disciplinary violations. (*Id.*, at 8). Defendant Warren told the plaintiff, "When

2

you do dirt, dirt comes back on you; what goes around comes around; suck it up chump!" (*Id.*).

On April 18, 2016, the plaintiff requested that defendant Warren have Captain Carla Graham lock him up, due to a warning he received that someone was going to hurt him. (Doc. 1 at 8). The plaintiff sought to be locked up until he could be transferred or until the threat no longer existed. (*Id.*). Defendant Warren stated, "Do you really think I'm [going to] act upon your requests, after you've filed complaints and requests against me?" (*Id.*). She then laughed, told the plaintiff if he did not have a shank he should get one because he would not be placed in lock up, and commented, "seems like to me you've got a problem." (*Id.*).

On April 23, 2016, the plaintiff was stabbed from behind. (Doc. 1 at 9). The plaintiff began running and, as he exited P-Block, he was hit in the face, causing him to suffer a broken nose. (*Id.*). The plaintiff reached the infirmary and received treatment for his head as well as staples in his back and upper left shoulder. (*Id.*). The plaintiff remained in the infirmary until April 25, 2016, when he was transferred to Kilby Correctional Center. (*Id.*).

The plaintiff **MUST** notify the court within **twenty-one (21) days** after the date of this Order whether the court has misunderstood or misconstrued his claims. The plaintiff's notice must specifically describe any error in the court's reading and understanding of the claims and set forth the true nature of the claim or claims the plaintiff intended to plead in the complaint. The plaintiff will not be allowed to amend the complaint to add parties or claims after the date of this Order except upon express leave of the court.

Each defendant is **DIRECTED** to review the plaintiff's claims as those claims relate to that defendant to determine the relevant facts and circumstances of each relevant claim. Each defendant (either individually or collectively) must file a written report presenting the sworn statement of all persons having knowledge of the facts relevant to the claims or any subsequent investigation undertaken with respect to the claims ("Special Report"). This Special Report must be filed no later than **sixty (60) days** after the date of this Order. A Special Report filed by a defendant who has waived service of process as outlined above shall be deemed to be an answer

pursuant to Rules 7(a), 38(b), and 39 of the Federal Rules of Civil Procedure. Except for the special report described herein, the defendants shall not be required to file any other answer or responsive pleading.

### III. Discovery and Disclosures

**A. Initial Disclosures - Defendants**

Federal Rule of Civil Procedure 26(a)(1) requires the parties to make certain initial disclosures in lieu of discovery. In order to comply with this requirement, the parties are required to make the minimal disclosures described below. The Special Report filed by or on behalf of each defendant should include, at a minimum, the following information:

1. The sworn statement of the defendant relating to his knowledge of the claim or incident at issue;

2. The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the claims asserted by the plaintiff or the defenses asserted by the defendant;

3. A clear and legible copy of all documents relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary reports, classification or custody records, and medical records as may bear directly on the claims or defenses asserted.

**B. Initial Disclosures - Plaintiff**

Within **twenty-one (21) days** after the Special Report is served, the plaintiff must make initial disclosures by filing and serving on the defendants the following:

1. The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the claims asserted by the plaintiff or the defenses asserted by the defendants;

2. A clear and legible copy of all documents relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary reports, and classification or custody records as may bear directly on the claims or defenses asserted.

3. A specific and clearly stated computation of any category of damages claimed by the plaintiff as a result of the defendants' conduct.

**C. Discovery**

THERE WILL BE NO ADDITIONAL DISCOVERY BY THE PARTIES EXCEPT WITH EXPRESS LEAVE OF COURT. To request leave of court, the moving party must file a motion specifically identifying the nature of the discovery sought and the reason the initial disclosures, as set forth above, were inadequate to provide the information sought. ANY REQUEST FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY MUST BE FILED WITH THE COURT WITHIN **THIRTY (30) DAYS** FROM THE DATE OF THE CERTIFICATE OF SERVICE ON THE SPECIAL REPORT. If additional discovery is permitted, only Rule 33 interrogatories, Rule 34 requests for production of documents, and Rule 32 depositions will be allowed. No party may serve on another party any Rule 36 requests for admissions without the prior express written approval of the court.

**D. Discovery Costs**

The parties are advised that authorization to proceed *in forma pauperis* in this court does not obligate a party to bear the costs of discovery requested by another party. If a defendant provides an opportunity for review of documents, that defendant is not obligated to copy those documents free of charge for the plaintiff's use. The defendants may require the plaintiff bear the reasonable cost of copying of production. Similarly, the parties are advised that while the court may waive its own filing fees it cannot act as a copying center. The Clerk of Court will not provide copies of discovery documents, answers to interrogatories, or documents that are in the possession or should be in the possession of the parties. The Clerk will not copy and distribute discovery requests or responses to discovery requests which the parties are obligated to serve on

all other parties pursuant to Rule 5, Fed. R. Civ. P. Any discovery requests filed with the court which are not also properly served on all other parties will be stricken.

## IV. Addresses

The plaintiff bears the duty to provide an adequate mailing address for each defendant. If a copy of the complaint and this Order are mailed to a defendant at the address the plaintiff provided but are returned for insufficient address, no further attempt at service will be made to serve that defendant unless the plaintiff provides a sufficient address. The plaintiff's failure to provide the court with a valid address for a defendant may result in dismissal of all claims against that defendant.

Additionally, the plaintiff must keep the court apprised of his current address. If a document is returned to the court because of an insufficient or inaccurate address for the plaintiff, the court will consider dismissal of the action or other appropriate sanctions. The court expressly deems this provision necessary to effectively discharge its obligations under the Civil Justice Reform Act and Rule 1, Fed. R. Civ. P. The plaintiff also bears the responsibility to notify the defendants of any change of address.

## V. Summary Judgment

Federal Rule of Civil Procedure 56 provides for the adjudication of the merits of all or part of a lawsuit when the material facts relating to a particular claim are not in dispute and a party is entitled to judgment as a matter of law. If the court determines the Special Report should be construed as a motion for summary judgment, it will notify the parties by separate order. Upon receipt of such notice, the plaintiff must file affidavits, documents, or other materials in response and rebuttal to the special report. The plaintiff or non-moving party generally may not rely upon the pleadings in opposition to a properly supported motion for

summary judgment. Copies of all materials filed by the plaintiff must be served on the defendants as required by Rule 5, Fed. R. Civ. P., unless the material is already part of the court record and was originated by the defendants. The plaintiff is advised that unless he responds to the special report with affidavits, documents, or other materials that create a genuine issue of material fact as to the claims asserted in the complaint, the court may grant summary judgment on the basis of the evidentiary materials submitted by the defendants. *See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985).

The Clerk is **DIRECTED** to serve a copy of this Order upon the plaintiff.

The Clerk is further **DIRECTED** to serve a copy of this Order and a copy of the complaint (doc. 1) on the defendants identified in **Part II.A.** above, and on Anne Adams Hill, General Counsel, State of Alabama, Department of Corrections, Legal Division P.O. Box 301501, Montgomery, AL 36130-1501.

DONE this 3rd day of August 2016.

                                        **JOHN H. ENGLAND, III**
                                        UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| MITCHELL MARBURY, <br> AIS # 138014 <br><br> Plaintiff, <br><br> v. <br><br> WARDEN DEWAYNE ESTES, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 4:16-cv-01152-AKK-JHE <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ACKNOWLEDGMENT AND WAIVER OF SERVICE

I, _____, the undersigned defendant in the above-styled action, under penalty of perjury, do hereby declare that, on the date written below, I received a copy of the complaint in this action and that I waive the necessity of any other formal process or service of process in this action.

_____
Signature of Defendant
For Corporate Defendant
By:_____
Its: _____

DATE: _____