IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MITCHELL MARBURY, #138014 Plaintiff, vs. WARDEN DEWAYNE ESTES, et al, Defendants. | ) ) ) ) ) ) ) ) ) | CASE NO.2:16-CV-1152-AKK-JHE |

PLAINTIFF SPECIAL REPORT

Comes now, the plaintiff Mitchell Marbury, pro-se, and file this response to defendants special report and moves this court to deny defendants motion to dismiss summary judgment and would show the court as follows:

Plaintiff filed a lawsuit on the 7-13-2016, alleging that his rights under the 1st, 8th, and 14th Amendment to the United States Constitution has been violated. The defendant have requested that judgment be entered in their favor. Plaintiff contends that the issue raised in his complaint are cognizable claims established in fact and law, that defendants knew were established law, that they have a duty to comply with. Plaintiff, respectfully requests that this honorable court deny defendants motion due to the fact that theres many genuine issues of material facts which are in dispute.

ARGUMENT POINT-(1)

There are genuine issues of material facts that preclude Summary Judgment for plaintiff failure to protect and retaliation claims.
..Summary Judgment is to be granted only if the record before the court show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56 (c),Fed.R.Civ.P... A "material" fact is one that might effect the outcome of the suit under governing law. Anderson v. Liberty Lobby,Inc.,477 U.S. 242,248 (1986). The affidavit of plaintiff and the defendants are quarely contra- ditory as to what the defendants intended, hope for, or desired the harm that transpired. In Farmer v. Brennan,-------U.S--- ----,114 S.Ct. 1970,128 L.Ed.2d 811 (1994),the Supreme Court held, as it has previously assumed, that "prison officials have a duty...to protect prisoners from violence at

the hands of other prisoners." Id,at-----,114 S.Ct. at 1976 (internal citations omitted);See slso McGill v. Dukworth,944 F.2d 344,347 (7th Cir.1991)(find duty to protect prisoners from each other is "logical correlative" of States oblagation to replace means of selfprotection among its wards),cert. denied,503 U.S. 907,112 S.Ct. 1265,117 L.Ed.2d 493 (1992). While every injury suffered by one prisoner at the hands of another does not constitute a violation of the Eighth Amendment prohibition on "cruel and unusual punishment," if deliberate indifference by prison officials effectively condones the attack by allowing it to happen,those officials can be held liable to the injured victim------U.S.-------,114 S.Ct. at 1977. The Farmer court further declaired that a prisoner claiming deliberate indifference need not prove that the prison official intended,hope for,or desired the harm that transpired. The standard for deliberate indifference "is satisfied by something less than acts or omissions for the very purpose of causing harm or with Knowledge that harm will result." Id. at---,114 S.Ct. 1978;see also Price v. Sasser,65 F.3d 342,34(4th Cir.1995). Furthermore,"Eighth Amendment claimant need not show that a prison official acted or fail to act despite his knowledge of a substantial risk of serious harm ."----U.S.----,114 S.Ct. at 1981. [T]he issue is whether the guards intended that plaintiff be injured by their failure to timely intervene." (emphasis in original),cert. denie ----U.S.----,116 S.Ct. 167,133 L.Ed.2d 109 (1995);Houston v. Sheahan,62 F.3d 902,903 (1995)("Damages do not follow from knowledge of a problem;the [officials] must intend to harm the prisoers.")(Citing Farmer). Thus,in order to establish the liability of a prison official,a plaintiff must establish that the official knew of the risk (or high probability of the risk)and did nothing. Billman v. Indiana Dep't of Corrections,56 F.3d 785,788 (7th Cir.1995). In failure to protect cases,"[a] prisoner normally proves actually of impending harm by showing that he complained to prison officials about a specifice threat to his safety." McGill v. Duckworth,944 F.2d 344,349 (7th Cir.1991).

This is clearly a genuine issue of fact! The factual dispute
is also a material. Under governing law, whether the failure
to protect claim violates the Eighth Amendment depends on whether
"prison officials have a duty...to protect prisoners from violence at the hands of other prisoners," or if deliberate indifference
by prisoner officials effectively condoned the attack by allowing
it to happen, those officials can be held liable to the injured
victim. The facts alledged by the plaintiff are evidence that
the defendants were acting "deliberate indifference to cause
harm," they would support a jury verdict in the plaintiff favor.
See Morales v. NewYork State Dep't of Corrections, 842 F.2d 27, 30
(7th Cir.1988). Although the Supreme Court have never held that
the Eighth Amendment requires the State to protect prisoners
from each others, the duty to due so is logical corralative of
the States obligation to replace the means of Self-Protection
among its wards. DeShaney v. Winnebago County Dep't of Social
Service, 489, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); Archie v. Racine, 849 F.2d 1211 (7th Cir.1988)(in banc). A State with a constitutional duty to attend to prisoners' medical problem, even though
the problems are not of the State's creation, Estelle v. Gamble, 4-
29 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), has no lesser
obligation to attend to the need for physical safety. Its obvious
prison officials ignored plaintiff pleases to be moved to a
more sociable block, and once informed officials of being attacked
by other inmates, notified officals about a specific threat to
his safety. Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88
L.Ed.2d 677 (1986) although decided under the due process clause
of the fourteenth amendment, assumes that the prison system may
not ignore prisoners' risk of harm at the hands of other inmates.
A prison normally proves actual knowledge of impending harm
by showing that he complained to prison officials about a specifice threat to his safety. E.g., Santiago, 894 F.2d at 223-24; Goka,
862 F.2d at 647-48; Walsh, 839 F.2d 795-96, 798. Here, the plaintiff
has relied upon both the Eighth and Fourteenth Amendments to
support section 1983 claims against the various defendants for
both direct and supervisory liability. The eighth amendment, which
prohibit infliction of cruel and unusual punishment," to serious
need of prisoners. See, e.g., Estell v. Gamble, 429 U.S. 97, 102-
05, 97 S.Ct. 285, 290-92, 50 L.Ed.2d 251 (1976).

ARGUMENT POINT-(2)

An intentional and wrongful retailiation for the assertion of
a constitutionally protected right is a substantive civil right
violation which may be prosecuted in a federal court pursuant
to 42 U.S.C. §1983. In a retaliation claim such as this,however
the harm suffered is the advers cosequences which flows from
the inmate's constitutionally protected action. Instead of being
denied access to the courts,the prisoner is penalized for actual-
ly exercising that right. cf. Hines v. Gomez,108 F.3d 265,269
(9th Cir.1997);Dixion v. Brown,38 F.3d 379,378 (8th Cir.1994)("B-
ecause the retaliation filing of a disciplinary charge strikes
at the heart of an inmate's constitutional right to seek redress
of grievances,the injury to this right inheres in retaliatory
conduct itself." The defendant Beverly Warren misconduct was
in retaliation for prior lawsuits,and administrative grievances
plaintiff had filed,because she stated "have you recieved your
paper work,a lie is a lie,prove it." Then she further stated
"when you do dirt,dirt come back on you,what goes arround comes
arround,suck it up chump!" This occurred on March 10,2016,when
plaintiff was written disciplinaries for violating Rule 923
Indecent Exposure/Exhibitionism/Lewd conduct,which supposely
occurred March 2,2016 at 1:30 p.m.,the exact time plaintiff
was attending school of GSCC from 1:00 p.m. untile 4:00 p.m.
At the doctrinal level it has been held that a prisoner has
a substantive due process right not to be subjected to false
misconduct charges as retaliation for plaintiff exercise of
a constitutional right such as petitioning the government for
redress of plaintiff grievances,and that right is distinct from
the procedural due process claim. Rather,like Morello,this case
involves conduct by prison official that alledgly infringed
on an inmates substantive constitutional right. Morello,810
F.2d at 347. Moreover,intentional obstruction of a prisoner
right to seek redress of grievances "is precisely the sort of
oppression that...section 1983 [is] intended to remedy." See
also Burdon,791 F.2d at 100-01;Haymes,547 F.2d at 189-91. [Burton
(8th Cir.1986)][(Haymes(2d Cir.1976)][(Morello (2d Cir.1987)]pla-
ntiff complaint does implicate his broader right to petition
government for a redress of grievances,as guaranteed by the
first and fourteenth amendment.

## QUALIFIED IMMUNITY

A defense of qualified immunity is not available in cases alleging failure to protect claim and retaliation claim...There is a factual dispute concerning whether the application for failure to protect,deliberate indifferenct and retaliation claims was justified or so grave that it violates contemporary standards of decency to expose any one unwilling to it,and "since there is no justification for harassing people for exercising their constitutional rights [the effect on freedom of speech] need not be great inorder to be actionable." Bart,677 F.2d at 625 (7th Cir.1982). The plaintiff also avers,that during this deliberate indifference,failure to protect claim,the defendants DeWaynes Estes,Warden III;Beverly Warren C.O.I inregards of being placed on notice involving being moved,due to fear of living in a block amongst individuals thats gang afiliated,and due to the threating invoriment an seeing so much voilence of stabbing,murdering,plaintiff felt his only hope was to be moved to another living invoiriment to be safe! But plaintiff request appeared to fall on deaf ears and no action was taken;again plaintiff notified defendants to be placed in lock-up,due to recieving a warning that someone was out to do plaintiff harm,previously to plaintiff being stabbed! Plaintiff avers,that by failing to intervene or stop the assualt forth coming on plaintiff,they were "deliberate indifferent," defendant prison officials may be held liable under the constitution,for acting with "deliberate indifferent" to an inmate safety,when the official know that the inmates faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it.See Farmer v. Brennan,511 U.S. 825 (1994). Defendants knew by failing to take measures to abate it that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. While prison supervisory official are not required to be omniscient,they dohave a duty to make reasonable inquires into the activities of their subordinates and the condition of inmates held in their

c
custody.See Gross v. Henderson,79 A.D. 2d 1086,435 N.Y.S.2d 823,825 (4th Dep't)("prison officials are solely responsible for the preservation of order and security in the facilities they administer...") Bloch v. Ribar,156 F.3d 673,678 (6th Cir.1998). Bloch applied the following three-part definition of retaliation: "(1)that the plaintiff was engaged in a constitutionally protected activity;(2)that the defendant adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity;and(3)that the advers action was motivated at least in part as a response to the exercise of the plaintiff constitutional right." For example,in Franco v. Kelly,854 F.2d 584 (2d Cir.1988),the second circuit addressed the question "whether an allegation that state prison officials intentionally filed false disciplinary charges against an inmate,in retaliation for the prisoner exercise of a constitutional right,states a cause of action for damages under [section 1983]that can withstand a motion for summary judgment." For the foregoing reasons,the defendants motion for summary judgment should be denied inregards to plaintiff failure to protect,deliberate indifferent,and retaliation claims,and due process violation. Allegation of willful indifference sufficient to withstand motion to dismiss §1983 claim. Villante v. Dep't of Corrections,786 F.2d 516,522 (2d Cir.1986)(deliberate indifference sufficient for §1983 action,even after Davidson and Daniel);McClary v. O'Hare,786 F.2d 83,89 n. 6 (2d Cir.1986) The law regarding the situation that plaintiff alleges are constitutional has been clearly established for some time. Officials of the defendants of corrections and in the State,paticularly "ST.CLAIR CORRECTION FACILITY," have regulary and forcefully been reminded of the minimal constitutional standards governing prison confinement since the first judgment(s entered in Newman v. Alabama,349 F.Supp.278 (M.D. Ala. 1972);Pugh v. Locke,406 F.Supp.318 (1976). All the defendants have had knowledge in these areas,and know the established laws existed in their duties to enforce and comply with them lastly,the defendants claim of immunity is untrue! The Eleventh Amendment "does not" bar action against State officers in their official copacities if plaintiff seek only declaratory judgment and/or injunctive relief.See Chaloux v. Killen,886 F.2d 247 (1989 CA Idaho).

Plaintiff sues each defendant in his or her official capacity for declaratory and injunctive relief and, in his or her individul capacity for damages.

## CERTIFICATE OF SERVICE

I, hereby certify that I have this _14_ day of _Nov_ 2016. Served a copy of the foregoing on the defendants counsel by placing same in the United States Mail first class, postage, pre-paid and addressed as follows:

CLERK OF COURT
NORTHERN DISTRICT of ALABAMA
1729 5th Ave. North
BIRMINGHAM, ALABAMA 35203

GENERAL COUNSEL
ANNE ADAM HILL
STATE of ALABAMA CORRECTIONS
LEGAL DIVISION P.O. BOX 301501
MONTGOMERY, ALABAMA 36130-1501

MITCHELL MARBURY
#138014-C-17
HOLMAN 3700
ATMORE, ALABAMA 36503

Mitchell Marbury #138014
Mitchell Marbury
Pro/Se

P