IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MITCHELL MARBURY,

    Plaintiff,

v.

WARDEN DEWAYNE ESTES, et al.,

    Defendants.

Case No. 4:16-CV-01152-AKK-JHE

## PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Comes now Plaintiff, Mitchell Marbury, proceeding pro/se and files his objection to the magistrate judge's report and recommendation and state the following:

The plaintiff do not completely agree with the magistrate judge findings in his recommendation since plaintiff asserts that both defendants were deliberately indifferent.

The plaintiff asserts claims under the Eighth Amendment based on Defendant Estes and Warren's failure to protect plaintiff from the inmates who attacked plaintiff. It is well settled and undisputed law that "(a) prisoner has a right to be protected from constant threats of violence..."636 F.2d at 9.73, Citing Withers v. Levine, 615 F.2d 158 (4th Cir.), Cert. denied, 449 U.S. 849, 101 S.Ct. 136, 66 L.Ed.2d 59 (1980); Gates v. Collier, 501 F.2d 1291 (5th Cir. 1974); Woodhous v. Virginia, 487 F.2d 889 (4th Cir. 1973). "When **prison officials have failed to control or seperate prisoners who endanger the physical safety of other prisoners and the level of violence becomes so high...it constitutes cruel and unusual punishment....**"636 F.2d at 1374, Citing McCray v. Sullivan, 509 F.2d 1332 (5th Cir.), Cert. denied, 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed.2d 86 (1975); Gates, Supra; see, Jones v. Diamond, 636 F.2d 1364, 1374 (5th Cir. 1981)(en banc).

Additional facts of inmates-on-inmates violence medical records a **year prior too, and a year after** plaintiff departer will support substantiated facts, Defendants Estes and Warren's was sufficiently put on notice of the inmate-on-inmate violence, due to a **history of widespread abuse** puts the **Supervisor and his employee** on notice of the need to correct the alleged deprivation and defendant fail to do so! This inmate-on-inmate violence, that has resulted in the lost of lives, at St. Clair Facility, over the past an present years.

Additional facts, upon further investigations from the **motion for discovery**, would substantiate facts, over **Seventy-Nine instances, inmates-on-inmates violence** acts resulted in physical assualts, several deaths, and injuries **life threatining to inmates and guards alike.** No **Guards** was assigned to $P/Q$-block, unit hallway or inside the living erea, **for fear of their own safety** through out the days or nights. St. Clair penitentiary employees have no control over inmates during the day or night and "there is no way these officials was not aware of such widespread abuse in **ST. CLAIR Situation**, "because of the lack of civilian guards. "...it is apparent that the courts cannot close their judicial eyes to prison conditions which present a grave and immediate threat to health or physical well being. Haines v. Kerner, Supra, [1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652]. This act of failure to protect is a constitutional Eighth Amendment, due process violation, and summary judgment for **Deliberate Indifference to Prison Condition** for plaintiff in violation of this act, and summary judgment for Defendant Estes and Warren's should not be granted. A review of the plaintiff complaint in additional facts upon further investigation, will support this fact.

The officials have that **ST. CLAIR** was a **High** risk security prison and Warden Estes III, or Warren's could have immediately place plaintiff in isolated segregation for further investigation untile the threat no longer existed or had plaintiff transferred if further investigation would not have resolved the problem at hands. But Warden Estes an Warren's failure to take action denied plaintiff the protection required.

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing
Objection on the Honorable Judge JOHN E. ENGLAND,III,Attorney
MARY COLEMAN BUTLER (BUT038)ADDRESS OF COUNSEL,Alabama Department
of Corrections. Legal Division 301 Ripley Street Post Office
Box 301501 Montgomery,Alabama 36130-1501
On this 8th day of May,2017.

**/s/ Mary-Coleman Butler**
**Mary-Coleman Butler (BUT038)**
**Assistant Attorney General**

                        MITCHELL MARBURY
                        #138014-C-17-A
                        3700 Holman Unit
                        Atmore,Al 36503

MITCHELL MARBURY
#138014-C-17-A
3700 Holman Unit
Atmore, Al 36503

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the ADOC is not responsible for the substance or content of the enclosed communication."




OFFICE OF
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
HUGO L. BLACK UNITED STATES COURTHOUSE
1729-5TH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203-2040

35203-203799