UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MITCHELL MARBURY,** ) ) **Plaintiff,** ) ) **v.** ) ) **WARDEN DeWAYNE ESTES,** *et al.***,** ) ) **Defendants.** ) | Civil Action Number 4:16-cv-01152-AKK-JHE |

## MEMORANDUM OPINION

Mitchell Marbury filed this action alleging that Warden DeWayne Estes and Correctional Officer Beverly Warren violated his constitutional rights while he was incarcerated at St. Clair Correctional Facility. *See generally* doc. 1. The magistrate judge filed a report on May 1, 2017, construing defendants' special report as a motion for summary judgment and further recommending that the motion be granted. Doc. 22. The court advised the parties of their right to file specific written objections within fourteen days. *Id.* at 19–20. Because Marbury filed objections only to the magistrate judge's finding that defendants were not deliberately indifferent to a serious risk of harm to Marbury, *see* doc. 23 at 1–2, the court reviews, *de novo*, only that aspect of the magistrate judge's report. *See Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing 28 U.S.C. § 636(b)) ("The district court must make a *de novo* determination of those

portions of [the] magistrate judge's report and recommendation to which an objection is made."); *id.* ("[W]here a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement of *de novo* review.").

Relevant here, Marbury alleges that Warden Estes and Officer Warren violated his Eighth Amendment rights when they allowed other inmates to assault him, despite Marbury informing defendants that he desired transfer to a more "sociable" cellblock and that another, unidentified inmate "was out to do harm to [him]." *See* doc. 1 at 10. The magistrate judge found no constitutional violation, because defendants had no specific information regarding any alleged threat to Marbury's safety. *See* doc. 22 at 11 ("While the plaintiff mentioned [to defendants] that he had witnessed inmate on inmate violence and that his lack of gang affiliation made him fear for his own health and safety, he did not identify any risk specific enough that Warden Estes should have subjectively known that the plaintiff faced a substantial risk of danger."), and 12 ("[T]he plaintiff has failed to show a 'particularized threat or fear felt' by the inmate sufficiently communicated to defendant Warren such that she should have been subjectively aware of a substantial risk of harm to the plaintiff."). The court is not persuaded by Marbury's contentions that inmate-on-inmate violence that occurred "a year prior [to], and a year after" his departure from St. Clair Correctional Facility put defendants on notice of the violence and the "need to correct the alleged

2

deprivation," or that "[n]o Guards [were] assigned to P/Q-block, unit hallway or inside the living [a]rea," doc. 23 at 2, because these contentions, if true, do not show that Warden Estes and Officer Warren had specific notice of an alleged threat to Marbury's safety in April 2016, when the assault occurred. Accordingly, Marbury's objections are **OVERRULED**.

For these reasons, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED**, and his recommendation **ACCEPTED**. Consequently, defendant's motion for summary judgment, doc. 18, is due to be granted, and Marbury's claims dismissed. The court will contemporaneously enter an order of final judgment in accordance with the foregoing.

**DONE** the 12th day of May, 2017.

_/s/ Abdul Kallon_
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE