FILED
2017 May-22 PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

Mitchell Marbury,
  Plaintiff,

vs.

Warden DeWayyne Estes, et al.,
  Defendants.

Civil Action Number
4:16-cv-01152-AKK-JHE

## MOTION TO ALTER AMEND AND VACATE THE JUDGEMENT

Comes now Mitchell Marbury, pro se, the plaintiff in the above styled cause, pursuant to SD ALA LR 72.4 (June 1997) hereby enters his **OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMENDATION** filed May 1,2017, and **FINAL JUDGMENT BY THE DISTRICT COURT JUDGE**, filed May 12,2017, served by mail upon plaintiff May12,2017, and show as follows: Because Marbury filed objections only to the judge's finding that defendants were not deliberately indifferent to a serious risk of harm to Marbury, see doc.23 at 1-2, the court reviews, de novo, only that aspect of the Magistrate judge report.
The district court misconstrued Marbury **OBJECTION TO THE MAGISTRATE JUDGE'S FACTUAL FINDINGS.** Relevant here plaintiff submitted his Civil Rights complaint against complaint against the defendants alleging they vilated his Constitutional right to protect plaintiff from inmate-on-inmate violence, and being deliberately indifferent to prison conditions.

## I. PLAINTIFF'S OBJECTIONS

Let us first deal with the statement made by the Magistrate that... "The plaintiff here contends that a friend told him to watch his back because the friend heard "someone was out to do harm to [the plaintiff]."(Doc.21 at 24). However the Magistrate hit more squarely on the problem when he says:

"Although the plaintiff previously asked to be moved because he feared gang activity;

The Magistrate maintains his focus on the primary aspect of the suit when he states that;he does not allege that the April 23,2016 attack on him was the product of any gang related activity. "He does not identify his attacker at all." Rather,the plaintiff complains that the defendant failed to protect him from a unknown inmate who wanted to harm him for unknown reasons.

Notwithstanding it is misleading error for the Magistrate to avers in that statement that "the plaintiff has failed to put forth evidence of "specific facts from which an inference could be drawn that a substantial risk of serious harm exist[ed]." and that "the prison official [ ] also [drew] that inference." Carter,352 F.3d at 1349 (Citation Omitted).

"...this dispute with prison authorities over the administrative recognition procedure pursuant to institutional statute. p.3.

These three statement go to the core of the complaint;(a) An prison official responds to a known risk in an **objectively unreasonable manner** if "he knew of ways to **reduce** the harm but recklessly declined to act." Hale,50 F.3d at 1583.;(b) Nor may a prison official escape liability for deliberate indifference by showing that...he did not know that the complainant was especially likely to be assualted **"by the specific prisoner who eventually committed the assualt."**[Farmer] **511 U.S. at at 843,114 S.Ct. at 1982.**

(1)

(c) Notwithstanding the sufficiency of the plaintiffstatement of a substantial risk of serious harm,plaintiff also was required to produce evidence that (D. Estes Warden III,and B. Warren C.O.I) was deliberately indifferent to that risk. More specifically. Plaintiff was required to show both that D. Estes Warden III,and B. Warren C.O.I subjectively "diregarded that risk by failing to take reasonable measure to abate it." Farmer.___U.S. at___,114 S.Ct. at 1984;see Lamarca,995 F.2d at 1535. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual way,including inference from circumstantial evidence." Farmer.--U.S. at__114 S.Ct. 1981. Thus,"a factfinder may conclude that a prison official knew of a substantial rik from the very fact that the risk was obvious." Id. Summary Judgment was improper because plaintiff was denied discovery according to Fed. R. Civ. P. 56(f),see Hall v. United Ins. Co. of Am.,367 F.3d 1255,1259 (11th Cir. 2004).

II. <u>Insofar as the Magistrate's allegation that,</u>
The plaintiff does not allege that he had been previously threatened,that the altercation was imminent,or any prior incidents which sufficed to put this defendant on notice that a threat of harm to the plaintiff existed. see Carter 352 F.3d 1349-50. p.11.

A. **Nonsupervisor Defendant**
Here,evidences that the Nonsupervisory Defendants were deliberately indifferent and failure to protect is supported by the Magistrate report as follows:
The plaintiff asserts that he **went to defendant Warren** on April 18,2016,and specifically requested to be placed in **lock-up to keep him safe**.(Doc.1 at 8). According to the plaintiff,defendant Warren laughed at him and told him to get a "shank."(Id.). For liability,a prison official must "know [] of and diregard [] an excessive risk to inmate health or safety;the official must both be aware of facts fromwhich the inference could be drawn

(2)

that that a substantial risk of serious harm exists,and he must also draw that inference." Farmer,511 U.S. at 837.

B. **Supervisory Defendant**

Here,evidence that the Supervisory Defendant were deliberately indifferent and failure to protect is supported by the Magistrate report as follows:

While the plaintiff mentioned in his request that he had witnessed inmate-on-inmate violence and that his lack of gang affiliation made him fear for his own health and safety.(id.,at6-7)p.11. Although the plaintiff sent a letter to defendant Estes on April 19,2016,asserting he was in danger,that letter states only,"I was told by a friend to watch my back,because he got word someone was out to do harm to me." p.11.,12. A prison official responds to a known risk is an **objectively unreasonable manner** if "he knew of ways to **reduce** the harm but recklessly declined to act." (2) Nor may a prison official escape liability for deliberate indifference by showing that...he did not know that the complainant was especially likely to be assualted **"by the specific prisoner who eventually committed the assualt."** [Farmer] 511 U.S. at 843,114 S.Ct. at 1982.

"This risk violates the Eighth and Fourteenth Amendment's requirement,that inmates be furnished with basis human needs,one of which is **'reasonable safety."** Helling. 113 S.Ct. at 2480-81 (quoting) DeShaney v. Winnebago,489 U.S. 189,109 S.Ct. 998,1005,103 L.Ed.2d 249 (1989). As stated D. Estes Warden III,and B. Warren C.O.I,after being placed on notice of a threat being made,declined to investigate and correct the problem inregards of a history of widespread abuse of gang related activities in P/Q-Block,that resulted in hospital injury and dealth!

This puts the responsible supervisor on notice of the
need to correct the alleged deprivation and he fail to
do so.
WHEREFORE,the above being,and the issue raised by the
plaintiff's rights for failure to protect and deliberate
indifference under the Eight and Fourteenth Amendment
right to the Constitution of the United States.
Plaintiff has demonstrated a substantial likelihood of
sucess on the merits of his claims,and that he has suffer-
ed and will repeatedly suffer irreparable injury,this
Honorable court should reconsider the Magistrate Report
and Recommendation;alter amend and vacate the judgment
of the district judge final order,and resumit its finding.

## CERTIFICATE OF SERVICE

I hereby,certify that I have served a copy of the foregoi-
ng on the defendants this day to **Alter Amend and Vacate
The Judgment of the Court Final Order. Of the Honorable
Judge Abdul K. Kallon.** Served copy to Attorney Mary Colem-
an Butler (BUT038)Address of counsel,Alabama Department
of Correction. Legal Division 301 Ripley Street Post
Office Box 301501 Montgomery,Alabama 36130-1501.
On this 18th day of May,2017.


Hon. Judge Abdul K. Kallon
District Judge
/s/ Mary-Coleman Butler (BUT038)
Assistant Attorney General

*M. Marbury*

Mitchell Marbury
#138014-C-17-A
3700 Holman Unit
Atmore,Al 36503

MITCHELL MARBURY
#138014-C-17-A
3700 Holman Unit
Atmore, Al 36503



"This correspondence is forwarded from an Alabama
State Prison. The contents have not been evaluated, and
the ADOC is not responsible for the substance or content
of the enclosed communication."

offfice
Clerk, United States District Court
Northern District of Alabama
Hugo L. Black United States Couthouse
1729-5th Avenue North
BIRMINGHAM, ALABAMA 35205-2040

35203-203799